## SPRINGER against THE COMMONWEALTH.

A variance between the writ and declaration must be taken advantage of by plea in abatement, if at all ; and not on a writ of error.

A plaintiff who sues out a writ of summons pursuant to the provisions of the act of twenty-first March, one thousand eight hundred and six, cannot afterwards file a declaration and proceed to judgment at the first term, by authority of the act of twentieth March, one thousand seven hundred and twenty-five.

Error to *Fayette* county.

In the court below, *The Commonwealth* was the plaintiff, and sued out a writ of " summons in debt, not exceeding four hundred dollars" against *John* and *Jacob Springer*, executors of *Dennis Springer*, deceased. A declaration was filed claiming nine hun-

(Springer *v.* The Commonwealth.)

dred dollars.   The writ was served upon the defendants, who did not appear; and the court on motion of the plaintiff's counsel, on the second day of the term to which the writ was returnable, rendered a judgment for the plaintiff: which they afterwards refused to open.

The errors assigned were, first, The variance between the writ and count.   Second, That the judgment was rendered in pursuance of the provisions of the act of one thousand eight hundred and six, in an action commenced under the act of one thousand seven hundred and twenty-five.

*W. Forward* for plaintiff in error.   Cited *Wingert* v. *Connell,* 4 *Serg. & Rawle,* 237.

*W. Wilkins* for defendant in error.

The opinion of the court was delivered by

ROGERS, J. —A variance between the writ and the declaration must be taken advantage of by plea in abatement, if at all; and this disposes of the first error assigned.

The plaintiff in error further objects, that the judgment was obtained by default, on motion, the second day of the term to which the writ was returnable.   If this be a proceeding under the act of the twenty-first of March, one thousand eight hundred and six, (and it is too plain to admit of argument that it is,) then it clearly comes within the decision of the court, in *Wingert* v. *Connell,* 4 *Serg. & Rawle,* 237.   The judgment was entered previous to the time allowed by the act for the defendant to appear, and therefore bad.   But it is contended that although the writ was issued under that act, yet that a declaration was filed, and not a statement, and that therefore the judgment by default was regular.   Admitting the fact to be so, yet the argument is more fallacious than solid.   For where the defendant is served with process, which is authorized solely by the act of one thousand eight hundred and six, he is warranted in believing that the directions of the act will be pursued throughout. And if the plaintiff is at liberty, without notice, to take judgment in any other way than is therein prescribed, it would prove a snare to the unwary, and may be used as a device to obtain judgment without a hearing.   An attempt, such as this, should be nipt in the bud, for the defendant has a right to rely on the act which saves a default by an appearance on the third day of the next succeeding term to which the process issued is returnable, where the term is for one week, and the second Monday of the term where it continues two weeks.

Judgment reversed and a *venire de novo* awarded.